**MINUTE ENTRY**
**ROBY, M.J.**
**August 16, 2018**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **NO.  15-197** |
| **BLACK ELK ENERGY OFFSHORE, ET AL** | **SECTION: "H" (4)** |

LAW CLERK:      Shane LaBarge

Appearances:      **Emily Greenfield** for the Government.
**Nicholas Moses** for the Government.
**Kenneth Nelson** for the Government.
**Eddie Castaing** for Defendant Curtis Dantin.
**Harry Rosenberg** for Defendant Grand Island Shipyards, Inc.
**Alexander Wolf** for Defendant Grand Island Shipyards, Inc.
**Steven Lemoine** for Defendant Christopher Srubar.

**<u>ORDER</u>**

The Court held a conference on the above captioned matter on August 16, 2018. The conference was held to address the status of the Government's agreement to re-review materials already produced to identify if any portions are discoverable under the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or Rule 16 of the Federal Rules of Criminal Procedure. The Government contended that, after re-review, all discoverable information had already been submitted to Defendants.

**A.  Medical Discovery Regarding Christopher Srubar and Don Moss**

The Defendants requested any information not yet produced that relates to Don Moss and Christopher Srubar's medications and treatments, particularly information pertaining to substance

---

**MJSTAR: 00:30**

use. The Government contended that, after re-review, all discoverable information had already been submitted.

### B.  Indexing of Discovery Submissions

Defendants requested an index of the Government's entire production. This matter has involved the rolling production of over 700,000 documents during the course of three years. The Defendants have had ample time to develop an index of the Government's previous submissions. District Court Judge Milazzo requested only that a partial index be created by the Government for recent submissions, which the Government has done. *See* R. Doc. 422, R. Doc. 423. Consequently, the Government is not obligated to create a universal index for all of its submissions.

### C.  Christopher Srubar Discovery

Defendants argued that they are entitled to Jencks Act, *Giglio* and any other Rule 16 discovery with respect to Christopher Srubar. Particularly, the Defendants seek discovery on Christopher Srubar's pre-trial services report and his pre-sentence report. Defendants make two alternative arguments to support their position. First, Defendants argue that Christopher Srubar was listed as a witness on the Government Witness List and that this entitles them to discovery under the Jencks Act. Second, Defendants argue that even if Christopher Srubar is not a Government witness that the submission of a guilty plea would entitle them to discovery.

The Defendants' first argument is not ripe because Christopher Srubar is not a Government witness. The Government Witness List was not produced by either the Defendants or the Government at the conference. Following the conference, the Court viewed the Government Witness List and notes that Christopher Srubar is not named. Therefore this request is denied.

Similarly, the Defendants' second argument is not yet ripe because the Defendants acknowledged that Christopher Srubar has not plead guilty. Defendants requested that if

Christopher Srubar pleads guilty before the trial that their discovery of his pre-trial and pre-sentence reports be permitted. The Court notes that this issue may be re-urged should circumstances permit.

**Don Moss Discovery**

Defendants requested a re-review of Don Moss' pre-sentence report and pre-trial services report for discoverable material. The Government stated that it had found no discoverable material in either report.

Defendants argued that they are entitled to review the pre-sentence report under the Jencks Act due to Don Moss' status as a Government witness and because he had plead guilty. The Government and the Defendants disputed the applicability of the Jencks Act to the pre-sentence report. The Court acknowledged the issue, and briefing was requested as reflected in the Orders below.

**D.  Orders**

**IT IS ORDERED** that the Government must submit to the Court the pre-sentence report for Don Moss no later than **Monday, August 20, 2018,** so that *in-camera* review can be completed.

**IT IS FURTHER ORDERED** that the Government submit a letter brief no later than **Thursday, August 23, 2018,** regarding the extent to which the pre-sentence report prepared for Don Moss is discoverable under the Jencks Act, 18 U.S.C. § 3500.

**IT IS FURTHER ORDERED** that counsel for Defendants Dantin and Grand Island Shipyards, Inc. respond to the Government by letter brief no later than **Monday, August 27, 2018.**

**IT IS FURTHER ORDERED** that a follow-up discovery conference be scheduled for **Friday, September 14, 2018, at 1:00 p.m.**

**IT IS FURTHER ORDERED** that the discoverability of the Christopher Sruber information is premature and therefore denied.

All submissions ordered above should be sent to the Judge's e-File address at efile-roby@laed.uscourts.gov.

New Orleans, Louisiana, this 21<u>th</u> day of August 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**